## SUPREME COURT.

### JAMES P. ROSS agt. ALEXANDER LONGMUIR.

In the *verification* of an answer *by an agent* of the defendant to an action upon a written instrument, where the allegations of the answer are stated *positively*, and without qualification, it is not necesssry that the agent should state his *knowledge* or the *grounds of his belief* in the. verification. That part of the verification which refers to matters in the answer, supposed to have been stated upon information and belief, may be treated as surplusage.

*Monroe General Term, September*, 1862.
JOHNSON, E. DARWIN SMITH and WELLES, *J. J.*

APPEAL from an order of special term, denying motion by defendant to set aside judgment.

H. R. SELDEN and JNO. McCONVILL, *for appellant*.
T. R. STRONG and D. C. HYDE, *for respondent*.

By the court, WELLES, Justice. The judgment was entered as for want of an answer to the complaint. An answer was served in due time, but was returned by the plaintiff's attorney to the defendant's attorney on the alleged ground that the verification was insufficient, the complaint having been duly verified, and the plaintiff perfected judgment. The verification was as follows :

" Monroe county, ss. :—Alexander Longmuir, junior, being duly sworn, says: that he is and has for a long time been agent for the defendant in this action ; that the foregoing answer is true to his own knowledge, (except as to those matters therein stated on information and belief, and as to those matters he believes it to be true.)    Deponent further says that the reason why the verification is not made by the defendant is, that all the material allegations in the answer are within the personal knowledge of deponent, and not within the personal knowledge of the defendant.

(Signed)                              " A. Longmuir, Jr.

" Sworn before me, February 6th, 1862.

(Signed)          "Hiram L. Barker, *Com. of Deeds.*"

This is nearly if not exactly in the language of that portion of § 157 of the Code, allowing the affidavit of verification to be made by the agent or attorney of the party in a case where the action or defence is founded upon a written instrument for the payment of money only, &c.

It is objected on the part of the plaintiff that the affidavit omits to set forth the knowledge or the grounds of belief of the agent who makes it.    It is a sufficient answer to this objection that there is nothing in the answer stated upon information or belief, but each and every allegation is stated positively and without qualification.    That part of the affidavit, therefore, which refers to matters in the answer supposed to have been stated upon information and belief, may be treated as surplusage.    It is further objected that the answer contains no defence ; but this, I think, is an error.    The defence interposed is that of a recoupment.    It may not be a full defence to the whole cause of action, but it is a full defence to the extent of the recoupment which the plaintiff may be able to prove on the trial.    If it is true to any extent, the defendant had a right to set it up. Besides, the plaintiff has no right to treat it as a nullity on that ground, and enter judgment as for want of an answer.    If frivolous, the only way he can take advantage

of it is by application to a judge of the court, under § 247. The order of special term should be reversed, and the judgment set aside with $10 costs of appeal.